RENDERED: OCTOBER 18, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1215-MR

ENCORE ENERGY, INC., ON
BEHALF OF ITSELF, AND IN ITS
CAPACITY AS THE MANAGING
GENERAL PARTNER OF THE 2014
ENCORE KENTUCKY 10-WELL;
2014-B ENCORE KENTUCKY 10-
WELL; AND 2015-D ENCORE
KENTUCKY 8-WELL
PARTNERSHIPS                                                      APPELLANTS


|   | APPEAL FROM WARREN CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN GRISE, JUDGE |
|   | ACTION NO. 18-CI-01700 |


MORRIS KENTUCKY WELLS, LLC                                        APPELLEE

AND


NO. 2022-CA-1242-MR


MORRIS KENTUCKY WELLS, LLC                            CROSS-APPELLANT


|   | CROSS-APPEAL FROM WARREN CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN GRISE, JUDGE |
|   | ACTION NO. 18-CI-01700 |

ENCORE ENERGY, INC.; 2014
ENCORE KENTUCKY 10-WELL;
2014-B ENCORE KENTUCKY 10-
WELL; AND ENCORE KENTUCKY
2015-D                                              CROSS-APPELLEES


OPINION
AFFIRMING APPEAL NO. 2022-CA-1215-MR,
AND REVERSING AND REMANDING
CROSS-APPEAL NO. 2022-CA-1242-MR

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Encore Energy, Inc., on behalf of itself, and in its capacity as

the managing general partner of the 2014 Encore Kentucky 10-Well, 2014-B

Encore Kentucky 10-Well, and 2015-D Encore Kentucky 8-Well Partnerships,

brings Appeal No. 2022-CA-1215-MR from a September 12, 2022, Order and an

October 24, 2022, Order and Judgment.  Morris Kentucky Wells, LLC, brings

Cross-Appeal No. 2022-CA-1242-MR from the same orders.  We affirm Appeal

No. 2022-CA-1215-MR, and we reverse and remand Cross-Appeal No. 2022-CA-

1242-MR.

BACKGROUND

Morris Kentucky Wells, LLC, (Morris Kentucky) is a Georgia limited

liability company with its principal office located in Augusta, Georgia.  Encore

Energy, Inc., (Encore Energy) is a Colorado corporation with its principal office located in Bowling Green, Kentucky. Encore Energy is in the business of oil/gas exploration for profit and relevant herein, is the managing general partner of 2014 Encore Kentucky 10-Well, 2014-B Encore Kentucky 10-Well, and Encore Kentucky 2015-D (collective referred to as the Partnerships). Through Subscription Agreements, investors purchased "units" of ownership in the Partnerships and authorized the managing general partner, Encore Energy, to sign partnership agreements on their behalf.[1] The partnership agreements were substantially identical for each Partnership, and the partnership agreements imbued Encore Energy, as managing general partner, with the authority to manage the business and operations of the Partnerships. Morris Kentucky purchased more than one million dollars in units of ownership in the Partnerships.[2]

In December of 2018, Morris Kentucky filed a complaint for declaratory relief against the Partnerships and Encore Energy, as managing general partner of the Partnerships. Morris Kentucky filed an amended complaint in

---

[1] The Subscription Agreements also stated that the units in 2014 Encore Kentucky 10-Well, 2014-B Encore Kentucky 10-Well, and Encore Kentucky 2015-D (collectively referred to as the Partnerships) were not registered under the Securities Act of 1933 because such units were exempt.

[2] Morris Kentucky Wells, LLC, obtained its interests in the Partnerships from William S. Morris III, who is manager of Morris Kentucky.

February of 2020.[3] Morris Kentucky alleged that it was a general partner in each of the Partnerships as it possessed ownership units therein and that Encore Energy denied its request for certain information and records concerning the Partnerships. As a result, Morris Kentucky sought a declaration that the Partnerships were subject to the Kentucky Revised Uniform Partnership Act (Kentucky Revised Statutes (KRS) Chapter 362.1) and that Morris Kentucky, as a general partner, could inspect and/or copy:

> (a) all agreements to which any Partnership, or Encore on behalf of the Partnership, is a party or is bound, (b) complete copies of all receipts, disbursements and bank account statements for any bank account handling Partnership funds, whether in the name of the Partnership, Encore or otherwise under the control of Encore (including accounts with comingled funds of other parties), (c) the identity of all beneficial owners of entities which lease well locations to the Partnerships or which receive payments from Partnership funds, (d) all information to which Encore, in its capacity as managing general partner or partner in any Partnership, is in the possession or control of, and (e) such other information related to the Partnerships as [Morris Kentucky] may request[.]

Amended Complaint at 7-8.

---

[3] In December of 2018, Encore Energy, Inc., (Encore Energy) filed a complaint in the United States District Court for the Western District of Kentucky seeking to remove the Warren Circuit Court action to federal court upon the basis of diversity jurisdiction (Civil Action No. 1:18-CV-00180-GNS-HBB). Eventually, the federal district court dismissed the action, concluding that the complaint failed to set forth a federal question or establish the requisite amount in controversy for diversity jurisdiction. The United States Court of Appeals for the Sixth Circuit affirmed the district's court dismissal (Action No. 20-5161). The Warren Circuit Court action was held in abeyance pending disposition of the federal court action.

Encore Energy filed an answer and counterclaim.  In the counterclaim, Encore Energy asserted that it was a financial institution within the meaning of the Gramm-Leach-Bliley Act (15 United States Code (U.S.C.) § 6801 *et seq.*) and was prohibited thereunder from disclosing personal information of the investors in the Partnerships.  Encore Energy claimed that the Gramm-Leach-Bliley Act preempted Kentucky partnership law.  Additionally, Encore Energy alleged that under the partnership agreements, Morris Kentucky had no right to disclosure of the identities of the other investors in the Partnerships and had no right to any information related to Encore Energy's expenditures as an independent contractor under the Turnkey Drilling and Completion Agreements (turnkey agreements).[4]

Morris Kentucky filed a motion to compel Encore Energy to fully respond to its written interrogatories and requests for production of documents.  In particular, Morris Kentucky sought the names of the other non-managing general partners of the Partnerships and records of the Partnerships (including financial records).  Morris Kentucky was interested in records detailing how Encore Energy managed the partners' initial investments in the Partnerships, as Encore Energy served as managing general partner of the Partnerships and as independent

---

[4]  A Turnkey Drilling and Completion Agreement was a contract identified as an agreement entered into by Encore Energy, Inc., as managing partner of the Partnerships, with itself, as an independent contractor, for the purpose of drilling and establishing oil/gas wells for the Partnerships.  A unique feature of these turnkey agreements was that Encore Energy, as an independent contractor, would perform the work required thereby for a fixed sum.

contractor for the Partnerships under the turnkey agreements. In sum, Morris Kentucky sought all documentation and information concerning the turnkey agreements from Encore Energy, as managing general partner and as independent contractor. Additionally, Morris Kentucky argued that it was entitled to the above information under the partnership agreements and KRS 362.1-403. Morris Kentucky further maintained that the Gramm-Leach-Bliley Act was inapplicable because the Partnerships were not financial institutions and because Morris Kentucky was not an unaffiliated third party thereunder.

Encore Energy filed a response and argued that Morris Kentucky was not entitled to the requested records under 15 U.S.C. § 6809(3)(A) of the Gramm-Leach-Bliley Act, asserting again that Encore Energy and the Partnerships were financial institutions. Encore Energy also contended that the Gramm-Leach-Bliley Act preempted Kentucky partnership law. And if not preempted, Encore Energy was justified in withholding the personal identifying information of general partners as the partnership agreements provided that the identities of the general partners would be confidential, and such provision of the respective partnership agreements was not unreasonable. Encore Energy further maintained that its records as an independent contractor under the turnkey agreements were not records of the Partnerships and not subject to disclosure. Encore Energy also argued that the motion to compel was premature, and Morris Kentucky was

-6-

attempting to adjudicate Encore Energy's counterclaims in a motion to compel discovery.

By a March 31, 2022, Order, the circuit court granted in part and denied in part Morris Kentucky's motion to compel. The circuit court determined that the Gramm-Leach-Bliley Act did not preclude disclosure of the general partners' identifying information. In so concluding, the court reasoned that Morris Kentucky, Encore Energy, and the Partnerships were not nonaffiliated third parties as they were "related by common ownership in the partnerships." March 31, 2022, Order at 3. The circuit court viewed the partnership agreements' confidentiality provision, that purportedly prohibited disclosure of personal identifying information of the general partners, as an unreasonable limitation on the availability of information concerning the Partnerships and violative of KRS 362.1-403(4). Additionally, the circuit court concluded that Morris Kentucky was not entitled to the actual expenditures of Encore Energy in its role as an independent contractor under the turnkey agreements.

Thereafter, Encore Energy filed a motion to reconsider or vacate the March 31, 2022, Order. Encore Energy argued that the court misunderstood the nature of the exempt securities offerings issued by it. According to Encore Energy, the parties merely executed securities investment contracts and "not a collective general partnership agreement by and between the partners[.]" April 15, 2022,

-7-

Motion to Vacate at 5. Additionally, Encore Energy maintained that the partnership agreements expressly imbued it, as managing general partner, with the authority to manage the business and operations of the Partnerships. Under Section 14.4 in Article XIV of the partnership agreements, Encore Energy pointed out that the personal identifying information of the general partners was confidential; therefore, Morris Kentucky was not entitled to such information. Encore Energy also maintained that the March 31, 2022, Order adjudicated all of its counterclaims and should be made final and appealable by the court.

By Order entered May 19, 2022, the circuit court directed Morris Kentucky to file a motion for summary judgment concerning:

> (a) Information and documents showing the actual use and distribution of all assets of the Partnerships, including the actual use of the investments of William S. Morris III in the Partnerships; all executed "turnkey drilling contracts" for each Partnership (to the extent they might exist); all other contracts entered into by the Partnerships, for the benefit of the Partnerships, or paid for through the Partnership assets; the calculation of all distributions; and status of accounts under KRS 362.1-401(1);

> (b) Copies of the check registers, bank statements, and account agreements for all accounts maintained in the name of or for the benefit of the Partnerships, including accounts maintained for each individual Partnership and any accounts in which Partnership assets may have been combined or commingled with other assets[.]

May 19, 2022, Order at 2. The court also determined that it would stay enforcement of the May 19, 2022, Order compelling Encore Energy to identify to Morris Kentucky the general partners of the Partnerships. The court indicated that such ruling would be incorporated into the final judgment. As for the motion to vacate, the circuit court denied same.

In accordance therewith, Morris Kentucky filed a motion for summary judgment. Therein, Morris Kentucky sought "information and documents showing Encore's actual use of Partnerships' assets," "banking records for accounts that have held, or continue to hold, the Partnerships' funds," and a "fully assembled partnership agreement signed by all partners for each Partnership, as well as a statement of the capital accounts and distributions for each partner." June 17, 2022, Motion for Summary Judgment at 1. Morris Kentucky also particularly pointed out that Encore Energy admitted that it did not execute turnkey agreements with itself, as independent contractor; rather, it performed the work without such agreements. As a result, Morris Kentucky argued that it was entitled to all information concerning the Partnerships' payments or transfer of funds made to Encore Energy, in its role as independent contractor. Moreover, Morris Kentucky argued that as a general partner, Encore Energy owed a duty of good faith, fairness, honesty, and loyalty. Morris Kentucky maintained that the partnership agreements

did not restrict its entitlement to the personal identities of the other general partners but only intended to restrict such information to third parties.

In response, Encore Energy maintained that Morris Kentucky's motion for summary judgment should be considered a motion for reconsideration and denied. Encore Energy believed that a "reconsideration without additional evidence is better addressed by the Kentucky Court of Appeals." July 1, 2022, Encore Energy's Response at 1. Encore Energy also incorporated by reference its response to the motion to compel filed by Morris Kentucky. Encore Energy further argued that Morris Kentucky was not entitled to inspect records related to its activities as an independent contractor.

By Order entered September 12, 2022, the circuit court granted in part and denied in part Morris Kentucky's motion for summary judgment. The circuit court determined that Morris Kentucky was not entitled to the records of Encore Energy relating to its activities as independent contractor under the turnkey arrangements. The court also concluded that Morris Kentucky was entitled to banking records, fully assembled partnership agreements, and identifying information as to each partner in the Partnerships.

Subsequently, on October 24, 2022, the circuit court rendered an Order and Judgment. Therein, the circuit court ordered the following:

> (1) Defendants shall provide Morris Kentucky with a list containing the names and record contact

information (including mailing addresses, telephone numbers, and email addresses) for each Partnership Participant in the Partnerships in which Morris Kentucky holds an interest.

(2) Defendants shall provide Morris Kentucky with copies of the check registers, bank statements, and account agreements for all accounts maintained in the name of or for the benefit of the Partnerships, including accounts maintained for each individual Partnership and any accounts in which Partnership assets may have been combined or commingled with other assets.

(3) Defendants shall provide Morris Kentucky with a fully executed and assembled partnership agreement for each Partnership reflecting the signatures by or on behalf of each partner and the dates of those signatures, as well as a complete statement of the capital accounts and distributions received by each partner.

. . . .

(1) Defendants are not required to disclose to Morris Kentucky non-partnership related expenditures incurred in Encore's capacity as a third-party contractor.

October 24, 2022, Order and Judgment at 1-2. Encore Energy filed a notice of appeal (Appeal No. 2022-CA-1215-MR), and Morris Kentucky filed a notice of cross-appeal (Cross-Appeal No. 2022-CA-1242-MR).

STANDARD OF REVIEW

The Kentucky Supreme Court recently detailed our standard of review for summary judgments on appeal as follows:

Summary judgment should only be granted when "there is no genuine issue as to any material fact and that the

-11-

moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010). Our review therefore is *de novo*.

*Ashland Hosp. Corp. v. Darwin Select Ins. Co.*, 664 S.W.3d 509, 515-16 (Ky. 2022). Our review of both the appeal and cross-appeal proceeds accordingly.

## APPEAL NO. 2022-CA-1215-MR

Encore Energy initially argues that the circuit court erred by requiring it to disclose the identifying information of the partners in the Partnerships. More specifically, Encore Energy maintains that the partnership agreements mandate that the identities of the partners/participants in the Partnerships are confidential information. Encore Energy believes that the circuit court erroneously determined that this confidentiality provision was an unreasonable limitation on Partnership information and violated KRS 362.1-403. Encore Energy further argues that the circuit court failed to consider various factors, including that the initial investment in the Partnerships was part of a securities offering and the control and

-12-

management of the Partnerships were vested in Encore Energy, as general managing partner. According to Encore Energy, it could only be removed as general managing partner for cause under the partnership agreements, and Morris Kentucky has not set forth any cause to remove Encore Energy.

In this case, the partnership agreements initially state that the "parties hereto desire to enter into a General Partnership formed under the laws of the Commonwealth of Kentucky[.]" Partnership Agreement, 2014 Encore Kentucky 10-Well at 1.[5] The partnership agreements particularly provide that the agreements were admitting persons as "Participants or General Partners," establishing capital contributions to the partnerships, and allocating losses, profits, and distributions among the partners. Partnership Agreement, 2014 Encore Kentucky 10-Well at 1. By examining the partnership agreements, it is clear that Partnerships were formed under Kentucky law with Encore Energy as the general managing partner and with Morris Kentucky as a partner. It is equally clear that the partnership agreements contained the following confidentiality provision:

> 14.4 Record Holders of Units. The Managing General Partner shall be entitled to rely conclusively on the Partnership's books and records as to the identity of the Participants, and the number of Units owned by each Participant for all purposes of this Agreement. **The identities of the participants are confidential information.**

---

[5] As previously set forth, the partnership agreements were substantially identical. We, therefore, quote from only one of the partnership agreements.

2014 Encore Kentucky 10-Well, Article XIV (emphasis added).

The parties disagree as to the proper interpretation of the above confidentiality provision. Morris Kentucky believes the confidentiality provision merely requires the identities of the partners to remain confidential from third parties but not from fellow partners. On the other hand, Encore Energy believes the confidentiality provision requires the identities of the partners to remain confidential from everyone, except itself and has so applied the provision. However, based on our review, it is clear that Encore Energy's interpretation and application of the confidentiality provision runs afoul of Kentucky partnership law.

Under the Kentucky Revised Uniform Partnership Act, KRS 362.1-403 provides:

> (1) A partnership shall keep its books and records, if any, at its chief executive office.
>
> (2) A partnership shall provide partners and their agents and attorneys access to its books and records. It shall provide former partners and their agents and attorneys access to books and records pertaining to the period during which they were partners. The right of access provides the opportunity to inspect and copy books and records during ordinary business hours. A partnership may impose a reasonable charge, covering the costs of labor and material, for copies of documents furnished.
>
> (3) Each partner and the partnership shall furnish to a partner, and to the legal representative of a deceased partner or partner under legal disability:

-14-

(a) Without demand, any information concerning the partnership's business and affairs reasonably required for the proper exercise of the partner's rights and duties under the partnership agreement or this subchapter; and

(b) On demand, any other information concerning the partnership's business and affairs, except to the extent the demand or the information demanded is unreasonable or otherwise improper under the circumstances.

(4) The partnership agreement may impose reasonable limitations upon use of information obtained under this section and may define appropriate remedies, including liquidated damages, for the breach of any reasonable limitation on use.

Pursuant to KRS 362.1-403(2), a partnership is required to provide a partner with its books and records. Additionally, KRS 362.1-403(3)(a) plainly mandates that a partner must also be provided all information related to the partnership's business and affairs reasonably required for that partner to exercise his rights under the partnership agreement or under the statute. KRS 362.1-403(3)(b) further mandates that if demanded by a partner, such partner must be provided any other information about the partnership's business and affairs unless the demand was unreasonable or improper. And finally, KRS 362.1-403(4) permits the partnership agreement to place reasonable limitations on the use of information obtained by the partner under this statute.

Considering Subsection (2) of KRS 362.1-403 with the facts herein, it is reasonable to conclude that the books and records of the Partnerships would naturally include the names of all partners. Encore Energy's application of the confidentiality provision to prohibit disclosure of the partners' names to Morris Kentucky is violative of this subsection. Additionally, under the partnership agreements, the partners may vote to remove Encore Energy, as managing general partner, for cause with court approval and vote to name a new managing general partner. If the partners cannot identify and deliberate with each other, then partners are effectively precluded from exercising their rights under the partnership agreements. As a result, Encore Energy's application of the confidentiality provision also violates Subsection 3(a) of KRS 362.1-403. Based on the facts presented which are not in dispute, we must conclude that it would be entirely reasonable and proper for a partner to demand to know the identities of the other partners, and Encore Energy's application of the confidentiality provision to prohibit same violates Subsection 3(b) of KRS 362.1-403.

As for Subsection (4) of KRS 362.1-403, we do not believe it is applicable in this case. Subsection (4) clearly permits a partnership agreement to place reasonable restrictions or limitations on the "use" of information. However, our dispute centers upon the entitlement to information rather than the use of information. Nonetheless, even if applicable, a confidentiality provision that

-16-

completely restricts dissemination of the partner's identities to other partners would not be reasonable under these circumstances. Accordingly, we are of the opinion that the circuit court did not err by concluding that Encore Energy's application of the confidentiality provision violated KRS 362.1-403.

Encore Energy next argues that the Gramm-Leach-Bliley Act precludes disclosure of the personal information of the partners to Morris Kentucky. In view of 15 U.S.C. § 6802(a), Encore Energy maintains that it, as a financial institution, is prohibited from disclosing nonpublic personal information to a nonaffiliated third party. Encore Energy argues that it qualifies as a financial institution and that Morris Kentucky is, in fact, a nonaffiliated third party. Therefore, Encore Energy contends the circuit court erred by concluding otherwise.

A "nonaffiliated third party" is defined as "any entity that is not an affiliate of, or related by common ownership or affiliated by corporate control with, the financial institution, but does not include a joint employee of such institution." 15 U.S.C. § 6809(5). The circuit court concluded that Morris Kentucky, Encore Energy, and the Partnerships were related by common ownership under 15 U.S.C. § 6809(5) and thus, Morris Kentucky could not be considered a nonaffiliated third party. We agree.

In Kentucky, a partnership is an "association of two (2) or more persons to carry on as co-owners a business for profit[.]" KRS 362.175(1). As a general partner in the Partnerships, Morris Kentucky is a co-owner of the Partnerships. Thus, Morris Kentucky is related to the Partnerships by possessing an ownership interest therein and is not a nonaffiliated third party. Consequently, we conclude that the circuit court properly determined that the Gramm-Leach-Bliley Act does not preclude disclosure of the partners' identifying information to Morris Kentucky.

In summary, we are of the opinion that the circuit court properly rendered summary judgment requiring Encore Energy to disclose the identities of the general partners in the Partnerships to Morris Kentucky.

### CROSS APPEAL NO. 2022-CA-1242-MR

Morris Kentucky asserts on cross-appeal that the circuit court erroneously determined that it was not entitled to Encore Energy's records concerning its actual expenditures as a contractor for the Partnerships. More particularly, Morris Kentucky sought records from Encore Energy detailing how it spent the Partnerships' funds drilling and establishing oil/gas wells for the Partnerships. Morris Kentucky points out that Encore Energy did not enter into turnkey agreements as contemplated by the partnership agreements. As no turnkey agreements were executed, Morris Kentucky argues that Encore Energy cannot be

-18-

an independent contractor thereunder and that Encore Energy was acting as the managing general partner when it performed the work for the Partnerships. Additionally, even if Encore Energy were considered an independent contractor, Morris Kentucky asserts that Encore Energy must account to Morris Kentucky, as a partner, for its use of the Partnerships' assets to develop the wells for the Partnerships.

In its September 12, 2022, Order, the circuit court acknowledged that Encore Energy failed to execute the turnkey agreements; however, the circuit court believed that a turnkey "arrangement" existed between Morris Kentucky, as partner, and Encore Energy, as independent contractor, thus shielding the records from disclosure. It is true that the partnership agreements referenced the turnkey agreements and that Morris Kentucky was fully aware that Encore Energy would serve as independent contractor for the Partnerships and would be paid with the funds from the sale of units in the Partnerships. However, the partnership agreements do not specify whether a partner is entitled to inspect the records of Encore Energy that detail Encore Energy's actual use of partnership's funds in its role as independent contractor.

In Kentucky, the relationship between partners in a partnership is one of a fiduciary and requires the utmost good faith. *Lach v. Man O'War, LLC*, 256 S.W.3d 563, 569 (Ky. 2008). In fact, "[t]he scope of the fiduciary duty has been

variously defined as one requiring utter good faith or honesty, loyalty or obedience, as well as candor, due care, and fair dealing." *Id.* at 569. And, "[e]ach [partner] is the confidential agent of the other," is entitled "to know all that the others knows," and "will not be permitted to benefit himself at the expense of" a partnership. *Axton v. Kentucky Bottlers Supply Co.*, 166 S.W. 776, 778 (Ky. 1914).[6]

Normally, a partner would not be entitled to inspect the records of an independent contractor merely performing work for the partnership. But, in this case, the contractor is also the managing general partner, who is endowed with the sole ability to run the operations of the Partnerships per the partnership agreements.

Encore Energy, as an independent contractor, was supervised and paid with the Partnerships' funds by itself, as general managing partner and with no executed turnkey agreements. Moreover, the partnership agreements do not specify whether a partner is entitled to the records from Encore Energy detailing its use of Partnerships' funds in its role as contractor. While not strictly records of the Partnerships, these records directly deal with the Partnerships' funds that were

---

[6] Kentucky Revised Statutes (KRS) 362.1-404 sets forth the statutory duties of a partner in a partnership; however, these duties are not exhaustive. The Kentucky General Assembly deviated from the Revised Uniform Partnership Act in enacting KRS 362.1-404 to preserve the common law duties of a partner in a partnership.

transferred to Encore Energy in furtherance of the Partnerships' business affairs. Encore Energy asserts that it received those funds as an independent contractor. However, we do not believe this allows Encore Energy to escape its fiduciary duties of candor, good faith, and fair dealing owed to the other partners of the Partnerships. In consideration of its fiduciary duties and the unique facts raised in this case, we conclude Encore Energy must permit Morris Kentucky to inspect its records detailing the use of the Partnerships' funds in the drilling and establishing of oil/gas wells for the Partnerships.[7] Accordingly, we reverse that part of the summary judgment determining that Morris Kentucky could not inspect Encore Energy's records detailing its use of the Partnerships' funds for the drilling and establishing of oil/gas wells. Upon remand, the circuit court shall render orders necessary to permit Morris Kentucky to inspect said records.

In summary, we affirm Appeal No. 2022-CA-1215-MR, and we reverse and remand Cross-Appeal No. 2022-CA-1242-MR for proceedings consistent with this Opinion.

ALL CONCUR.

---

[7] Arguably, under KRS 362.1-403(3)(b), Morris Kentucky may also be entitled to the records detailing Encore Energy's use of the Partnerships' funds in its role as an independent contractor. However, based on our conclusions regarding Encore Energy's fiduciary duties, we do not reach the issue in this appeal.

BRIEFS FOR
APPELLANTS/CROSS-
APPELLEES:

Michael A. Valenti
Hayden A. Holbrook
Louisville, Kentucky

BRIEFS FOR APPELLEE/CROSS-
APPELLANT:

Cornelius E. Coryell II
Sean G. Williamson
Louisville, Kentucky